# UNITED STATES DISTRICT COURT
### District of Nevada

| UNITED STATES OF AMERICA | ) | **AMENDED JUDGMENT IN A CRIMINAL CASE** |
|---|---|---|
| v. | ) | |
| FRED OAXACA | ) | Case Number: 2:16-cr-00348-RFB-1 |
| | ) | USM Number: 53178-048 |
| | ) | THOMAS PITARO, ESQ. |
| | ) | Defendant's Attorney |

**Date of Original Judgment:** 6/26/2017
*(Or Date of Last Amended Judgment)*

**Reason for Amendment:**
- ☐ Correction of Sentence on Remand (18 U.S.C. 3742(f)(1) and (2))
- ☐ Reduction of Sentence for Changed Circumstances (Fed. R. Crim. P. 35(b))
- ☐ Correction of Sentence by Sentencing Court (Fed. R. Crim. P. 35(a))
- ☐ Correction of Sentence for Clerical Mistake (Fed. R. Crim. P. 36)

- ☐ Modification of Supervision Conditions (18 U.S.C. §§ 3563(c) or 3583(e))
- ☐ Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (18 U.S.C. § 3582(c)(1))
- ☐ Modification of Imposed Term of Imprisonment for Retroactive Amendment(s) to the Sentencing Guidelines (18 U.S.C. § 3582(c)(2))
- ☐ Direct Motion to District Court Pursuant ☐ 28 U.S.C. § 2255 or ☐ 18 U.S.C. § 3559(c)(7)
- ☑ Modification of Restitution Order (18 U.S.C. § 3664)

**THE DEFENDANT:**
- ☑ pleaded guilty to count(s)   One, Two, Three and Five of Criminal Information filed 12/15/2016.
- ☐ pleaded nolo contendere to count(s) _____ which was accepted by the court.
- ☐ was found guilty on count(s) _____ after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. §§ 1951 and | Interference with Commerce by Robbery; Aiding & Abetting | 2/25/2016 | 1, 2, 3 |
| 18 U.S.C §§ 924(c)(1)(A and 2 | Use of Firearm During and in Relation to a Crime of Violence and Aiding and Abetting | 2/25/2016 | 5 |

   The defendant is sentenced as provided in pages 2 through   7   of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

- ☐ The defendant has been found not guilty on count(s) _____
- ☑ Count(s)  All Counts Remaining   ☐ is  ☑ are dismissed on the motion of the United States.

   It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

6/13/2017
Date of Imposition of Judgment

Signature of Judge
RICHARD F. BOULWARE, II          U.S. District Ju
Name and Title of Judge

1/29/2018
Date

DEFENDANT: FRED OAXACA
CASE NUMBER: 2:16-cr-00348-RFB-1

# IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of :

Thirty-six months as to Count One, Two and Three to run concurrent to each other; Eighty-four months as to Count Five to run consecutive to Counts One, Two and Three.

☑ The court makes the following recommendations to the Bureau of Prisons:

The Court makes the recommendation to the Bureau of Prisons that the defendant be permitted serve his term of incarceration at Lompoc, CA.

☑ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

    ☐ at _____ ☐ a.m. ☐ p.m. on _____ .

    ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐ before 2 p.m. on _____ .

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ with a certified copy of this judgment.

UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245C (Rev. 06/17) Amended Judgment in a Criminal Case  (NOTE: Identify Changes with Asterisks (*))
Sheet 3 - Supervised Release

Judgment - Page __3__ of __7__

DEFENDANT: FRED OAXACA
CASE NUMBER: 2:16-cr-00348-RFB-1

# SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of: Three years supervision as to Counts One, Two and Three; Eighty-four months as to Count Five to run consecutive to Counts One, Two and Three.

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court, not to exceed 104 tests annually.
   - ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4. ☑ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
5. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
6. ☐ You must participate in an approved program for domestic violence. *(check if applicable)*
7. ☐ You must make restitution in accordance with 18 U.S.C. §§ 3663, 3663A, or any other statute authorizing restitution. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

DEFENDANT: FRED OAXACA
CASE NUMBER: 2:16-cr-00348-RFB-1

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. ~~If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.~~
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____   Date _____

AO 245C (Rev. 06/17)   Amended Judgment in a Criminal Case
Sheet 3B — Supervised Release                                    (NOTE: Identify Changes with Asterisks (*))

Judgment—Page 5 of 7

DEFENDANT:   FRED OAXACA
CASE NUMBER:   2:16-cr-00348-RFB-1

## ADDITIONAL SUPERVISED RELEASE TERMS

1. **Victim-Witness Prohibition** - You shall not have contact, directly or indirectly, with any victim or witness in this instant offense, unless under the supervision of the probation officer.

2. **No Contact with Specific Person(s)** - The defendant shall have no contact, directly or indirectly, associate with, or knowingly be within 500 feet of Martin Garcia, Luis Cuevas, and Marcus Hammon, their residences, businesses, or places of employment. Furthermore, if confronted by Martin Garcia, Luis Cuevas, and Marcus Hammon in a public place, the defendant shall immediately remove himself from the area.

3. **Debt Obligations** - You shall be prohibited from incurring new credit charges, opening additional lines of credit, or negotiating or consummating any financial contracts without the approval of the probation officer.

4. **Access to Financial Information** - You shall provide the probation officer access to any requested financial information, including personal income tax returns, authorization for release of credit information, and any other business financial information in which you have a control or interest.

5. **Warrantless Search** - You shall submit your person, property, residence, place of business and vehicle under your control to a search, conducted by the United States probation officer or any authorized person under the immediate and personal supervision of the probation officer, at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision; failure to submit to a search may be grounds for revocation; the defendant shall inform any other residents that the premises may be subject to a search pursuant to this condition.

6. **Substance Abuse Treatment** - You shall participate in and successfully complete a substance abuse treatment and/or cognitive based life skills program, which will include drug/alcohol testing and/or outpatient counseling, as approved and directed by the probation office. You shall refrain from the use and possession of beer, wine, liquor, and other forms of intoxicants while participating in substance abuse treatment. Further, you shall be required to contribute to the costs of services for such treatment, as approved and directed by the probation office based upon your ability to pay.

7. **Reside at Half-way House** - You shall reside at the half-way house for at least one year. You shall be required to obtain a suitable residence prior to release, to be confirmed by probation officer.

8. **C.A.R.E. Program** - You shall reside at and participate in the C.A.R.E. program of a residential reentry center period of up to seven (7) months as approved and directed by the probation officer. Additionally, if the defendant tests positive for alcohol/a controlled substance or violates the conditions at the C.A.R.E. program, he will be taken into custody for a minimum custodial period of seven days. Mandatory Drug testing shall be required after completion of CARE program.

9. **Employment** - You shall be required to obtain full time employment within the first nine months of supervision.

10. **GPS monitoring** – You shall be required to be on GPS monitoring for the two years of supervision, after leaving the halfway house. Further, you shall be required to contribute to the costs of services for such treatment based upon ability to pay.

11. **Education** - You shall be required to be enrolled in an educationa/vocational program within the first nine months of supervision.

12. **Community Service** – You shall be required to complete 300 hours of community service; 5 to 10 hours of Community service per week until completed.

13. **Status Conference** – You shall be required to attend a status conference with Court within 45 days of release of BOP custody.

AO 245C (Rev. 06/17) Amended Judgment in a Criminal Case
Sheet 5 — Criminal Monetary Penalties                    (NOTE: Identify Changes with Asterisks (*))

Judgment — Page 6 of 7

DEFENDANT: FRED OAXACA
CASE NUMBER: 2:16-cr-00348-RFB-1

# CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | Assessment | JVTA Assessment* | Fine | Restitution |  |
|---|---|---|---|---|---|
| TOTALS | $ 400.00 | $ 0.00 | $ 0.00 [Waived] | $ *211,928.46 | -Joint and Several with Codefendants |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☑ The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss** | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| AT&T | | * $119,837.00 | |
| EMC Insurance Companies | | * $ 46,416.46 | |
| *Skye Communications, LLC | | * $ 5,000.00 | |
| T-Mobile | | * $ 40,675.00 | |
| (See Attached List) | | | |

| TOTALS | $ 0.00 | $ *211,928.46 |
|---|---|---|

☑ Restitution amount ordered pursuant to plea agreement $ *211,928.46

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

    ☐ the interest requirement is waived for    ☐ fine    ☐ restitution.

    ☐ the interest requirement for the    ☐ fine    ☐ restitution is modified as follows:

---

\* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
\*\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: FRED OAXACA
CASE NUMBER: 2:16-cr-00348-RFB-1

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A ☐ Lump sum payment of $ *215,928.46 due immediately, balance due

    ☐ not later than _____ , or
    ☑ in accordance with ☐ C, ☐ D, ☐ E, or ☑ F below; or

B ☑ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☑ F below); or

C ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F ☑ Special instructions regarding the payment of criminal monetary penalties:

Defendant shall pay restitution in the amount of *$211,928.46 jointly and severally with any/all codefendants in this case. The unpaid balance shall be paid paid at a rate of not less than $25.00 per quarter during incarceration, and then 10% of any gross income earned, subject to adjustment by the Court based upon ability to pay.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☑ Joint and Several

    Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

    Total amount of restitution due jointly and severally with all codefendants in this case; Martin Garcia & Luis Cuevas - $119,837.00; Fred Oaxaca - $211,928.46.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) JVTA assessment, (8) penalties, and (9) costs, including cost of prosecution and court costs.

**U.S. v. FRED OAXACA**
**2:16-cr-00348-RFB**
**<u>Restitution List</u>**

AT&T                                                  $119,837.00
325 N. Nellis, Suite #130
Las Vegas, Nevada 89110

EMC Insurance Companies                               $46,416.46
P.O. Box 712
Des Moines, Iowa 50306-0712
Claim No: 1210024

*Skye Communications, LLC             *$5,000.00
1014 E. Charleston Blvd, Suite 103
Las Vegas, Nevada 89104

T-Mobile
6540 E. Lake Mead Blvd, Suite 203     $40,675.00
Las Vegas, Nevada 89156


TOTAL                                 *$211,928.46