UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>Oaxaca et al.,<br><br>Defendants. | Case No. 2:20-cr-01175-RFB-1<br>2:16-cr-00348-RFB-1<br><br>**ORDER** |

On May 23, 2023, the Court denied Defendant Fred Oaxaca and his co-defendants Motions to Vacate [ECF Nos. 107, 108, and 110]. ECF No. 154. Mr. Oaxaca argued that aiding and abetting a Hobbs Act robbery does not qualify as a crime of violence. The Court rejected this argument, finding that it was foreclosed by Young v. United States, 22 F.4th 1115 (9th Cir. 2022) ("We therefore hold that, because armed bank robbery is categorically a crime of violence, a person who aids or abets armed bank robbery falls, like a principal, within the scope of the definition of the underlying offense and is deemed to have committed a crime of violence under § 924(c)'s elements clause.").

The Court's May 23, 2023 order was a final order adverse to Mr. Oaxaca. As such, Rule 11(a) of the Rules Governing Section 2255 Cases requires this Court to issue or deny a certificate of appealability (COA). See also 28 U.S.C. § 2253(c)(1)(B). Without a COA, Mr. Oaxaca "may not appeal that denial." United States v. Washington, 653 F.3d 1057, 1059 (9th Cir. 2011). To issue a COA, the Court must find that Mr. Oaxaca "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Under this standard, the Court looks for a showing that "reasonable jurists would find [this Court's] assessment of the constitutional claims

debatable or wrong." <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000). Because the Court found that settled, binding caselaw disposes of Mr. Oaxaca's claims, the Court finds that no reasonable jurist could find the Court's assessment debatable or wrong.

**IT IS THEREFORE ORDERED** that Defendant Fred Oaxaca is DENIED a Certificate of Appealability.

**DATED:** <u>January 10, 2024.</u>

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**